UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACUITY, a Mutual Insurance Company, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:16-cv-02800-JMS-DLP<br>) |
| KERSTIENS HOME & DESIGNS, INC.,<br>PLAN PROS, INC.,<br>DESIGN BASICS, LLC,<br>PRIME DESIGNS, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| THE CINCINNATI INSURANCE<br>COMPANY, | )<br>)<br>)<br>) |
| Interested Party. | ) |

### ORDER ON MOTION TO QUASH

This matter comes before the Court on the Motion of an Interested Party, The Cincinnati Insurance Company, to Quash the Plaintiff's Subpoena (Dkt. 81). The Plaintiff filed its response in opposition on June 8, 2018 (Dkt. 87). No reply was filed and the time for doing so has passed. The Motion was referred to the undersigned for ruling and, for the reasons that follow, the Motion is hereby **GRANTED**.

### BACKGROUND

On March 31, 2016, Design Basics, LLC and Plan Pros, Inc. filed a complaint in this Court, No. 1:16-cv-726-TWP-DLP ("Underlying Case"), alleging copyright infringement against Kerstiens Home & Designs, Inc. ("Kerstiens"), a claim that stemmed from copyrights attached to various architectural and technical drawings

1

used between 2000 and 2011. Kerstiens attempted to invoke insurance coverage from Acuity, a Mutual Insurance Company, ("Acuity") to cover potential liability related to the alleged copyright infringement.

Plaintiff Acuity commenced the present declaratory action on October 17, 2016 to determine its obligation of insurance coverage to Kerstiens in the Underlying Case. During the course of discovery, Plaintiff Acuity issued a subpoena to The Cincinnati Insurance Company ("CIC") for various documents and correspondence in order to determine any potential insurance coverage that may have existed between CIC and Kerstiens during the period of alleged copyright infringement.

CIC filed its Motion to Quash Plaintiff's Subpoena on April 27, 2018, arguing that the subpoena imposes an undue burden by seeking irrelevant documents and information outside the scope of the present case. Plaintiff Acuity in turn argues that the subpoena is valid because it seeks information largely relevant to the determination of which insurance company maintained coverage over Kerstiens and is, therefore, liable for paying any potential damages for copyright infringement.

## LEGAL STANDARD

When a subpoena duces tecum subjects a party to an undue burden, a court shall modify or quash it. Fed. R. Civ. P. 45(c)(3)(A). District courts have the discretion to grant, deny, or modify a motion to quash a subpoena. *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008). The moving party bears the burden of demonstrating that the subpoena requires the disclosure of privileged information

or subjects the party to an undue burden. *Heckler & Koch, Inc. v. German Sport Guns GmbH,* No. 1:11-cv-1108-SEB-TAB, 2014 WL 12756174 (S.D. Ind. Sept. 12, 2014). In determining whether a Rule 45 subpoena is unduly burdensome, a court may examine a number of factors, including "relevance, the need of the party for documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed." *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895 (S.D. Ind. 2006). Additionally, non-party status is a significant factor to be considered when assessing undue burden for the purpose of a Rule 45 motion. *Davis v. Carmel Clay Schools,* 286 F.R.D. 411, 413 (S.D. Ind. 2012) (citing *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895 (S.D. Ind. 2006)).

Even if the subpoena's request is relevant, the court can quash it if there is an easier way for the requesting party to obtain the information. Fed. R. Civ. P. 26(b)(2)(C)(i). A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents. *Arthrex, Inc. v. Parcus Medical, LLC,* No. 1:11-mc-107-SEB-DML, 2011 WL 6415540 (S.D. Ind. Dec. 21, 2011) (citing *Morrow v. Air Ride Technologies, Inc.*, No. IP-05-113, 2006 WL 559288 (S.D. Ind. Mar. 6, 2006)).

## DISCUSSION

On February 9, 2018, Plaintiff Acuity issued a subpoena to non-party CIC, in which it requested:

3

1. Any and all insurance policies or similar documents issued to co-defendant Kerstiens Homes & Designs, Inc. and its related entities from 1998 to the present.

2. Any and all notices received by Defendant regarding the claims brought in 1:16-cv-00726-TWP-MPB[1].

3. Any and all reservation of rights and/or coverage position letters issued by your company regarding the claims made in 1:16-cv-00726-TWP-MPB.

4. Any and all documents related to your company offering to provide its insured with a defense from the claims made in 1:16-cv-00726-TWP-MPB.

5. Any and all correspondence between your company and its insured regarding the claims made in 1:16-cv-00726-TWP-MPB.

6. Any and all correspondence between your company and any third parties regarding the claims made in 1:16-cv-00726-TWP-MPB.

(Dkt. 83 at 4).

In evaluating whether the Plaintiff's subpoena is unduly burdensome, the Court will look to the factors laid out in *O'Hanlon,* 460 F. Supp. 2d at 895. Acuity's subpoena for insurance policies covers a reasonable time period, in that it only requests documents dating back two years prior to the alleged copyright infringement which occurred from around 2000 to 2011. The remaining requests, however, do not specify any time limit and cannot be found to cover a reasonable time period. The breadth of the requests is likewise reasonable, because it only

---

[1] After the subpoena was issued, this case was reassigned to the undersigned Magistrate Judge, resulting in the new case number 1:16-cv-00726-TWP-DLP.

extends to the relevant documents, policies, and correspondence that would elucidate the nature of any insurance coverage between CIC and Kerstiens during the time period alleged. The requests are stated with particularity, insofar as each request clearly and concisely states the documents and information to be obtained. These three factors, therefore, mostly weigh in favor of upholding the subpoena.

While these requests are entirely relevant to determining whether CIC maintained a valid insurance policy with Kerstiens at any time during the alleged infringement period, that particular question is not an issue in the present case. This case was filed as a declaratory action seeking the determination of one sole issue: whether Plaintiff Acuity was the insurer of Kerstiens for the time period of 2000 through 2011. The information requested in the subpoena to CIC is not relevant here, because none of these materials will assist the parties or the Court in the act of interpreting Acuity's insurance policy with Kerstiens. Thus, the documents requested by the subpoena are not relevant in *this* action, but rather in the Underlying Case.

Moreover, the Plaintiff has made no showing or argument that the requested information cannot be obtained from other parties. The existence of an insurance policy between CIC and Kerstiens could be readily obtained from either party to said contract, one of whom is a party to the present case. Rather than going through a non-party, it would seem that the same requests could be directed to the Defendant, Kerstiens, to ascertain the status of any other insurance policies that may have existed during the period of alleged infringement.

5

## Conclusion

Acuity's subpoena poses an undue burden on a non-party and seeks information that may be obtainable from some other source that is more convenient, less burdensome, or less expensive. Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), the Court hereby **GRANTS** the Motion to Quash Subpoena filed by Interested Party The Cincinnati Insurance Company.

So ORDERED.

Date: 7/10/2018

_Doris L. Pryor_
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system.